```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE BIDO A/K/A DAVID BIDO,            MEMORANDUM DECION
                                             AND ORDER
                Petitioner,             00 CV 8462 (GBD)

        -against-

DAVID L. MILLER, SUPERINTENDENT,
EASTERN CORRECTIONAL FACILITY,

                Respondent.
------------------------------------------------------------x
```
GEORGE B. DANIELS, District Judge:

*Pro se* petitioner filed a writ of habeas corpus challenging his conviction, upon a jury trial, in Supreme Court, New York County, rendered on June 27, 1997, for assault in the first degree and for three counts of unlawful imprisonment in the first degree. Petitioner, who was tried *in absentia*, raises three claims. He contends he was deprived of his constitutional right to a fair trial as a result of: (1) the trial court permitting testimony concerning his prior sale of drugs to be introduced at trial; and (2) the trial court advising prospective jurors, during *voir dire*, that plaintiff was able, although not obligated, to testify at trial. Petitioner also claims his sentence of ten to twenty years, to run consecutively with three consecutive terms of one year, was harsh and excessive. The matter was referred to Magistrate Judge Kevin N. Fox for a Report and Recommendation ("Report"). The magistrate judge recommended that the petition be denied. Petitioner has filed objections to the Report.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). The Court must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.§ 636(b)(1)(C);

see also, Fed.R.Civ.P. 72(b). It is not required that the Court conduct a *de novo* hearing on the matter. United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which the objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed findings and recommendations. Raddatz, 447 U.S. at 676. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson, 618 F.Supp. at 1190; see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd sub nom. Heisler v. Rockland County, 164 F.3d 618 (2d Cir. 1998). Since plaintiff is proceeding *pro se*, his objections, as well as his other pleadings, are to be liberally construed and interpreted to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

The Court has examined each of petitioner's objections and find them all to be without merit. Plaintiff argues that the admission, at trial, of testimonial evidence that he sold drugs was prejudicial to him because there was no corroborating evidence offered by the prosecution and because petitioner did not have a prior history of drug sales or drug abuse. Magistrate Judge Fox correctly found that the prejudicial impact of the evidence was far outweighed by its probative value. The evidence of petitioner's prior sale of drugs was relevant on the issue of motive, and was also inextricably intertwined with the crimes charged.

Similarly unavailing is petitioner's objection that the magistrate judge erred by finding

that the trial court acted properly in instructing a prospective juror that petitioner "was able" to testify. The trial court's instruction was in response to the prospective juror's questioning his ability to act as a fair and impartial juror because petitioner was not able to speak or testify at trial. The two prospective jurors, who voiced their concern regarding their ability to be fair and impartial because of petitioner's absence from the courtroom, were excused. Petitioner argues that the trial court's comment that petitioner was "able to" testify was erroneous because he was not, in fact, available to testify. Additionally, he contends that the excused jurors should have been encouraged to remain on the jury.

As Magistrate Judge Fox observed, the trial court's brief remark, to correct a prospective juror's mistaken impression that petitioner was not able to testify at trial, was proper. Any potential prejudice that could have arisen, as a result of such a remark, was prevented by the trial court's instructions advising the jury panel, at the start of jury selection, that no inference was to be drawn from petitioner's absence from the courtroom nor from his decision not to testify at trial. Furthermore, petitioner cannot complain that the trial judge erroneously concluded that petitioner had the ability to testify, when it was petitioner's voluntary actions, in absconding prior to trial, that rendered him unavailable to testify.

Although petitioner did not previously raise the issue regarding the appropriateness of the trial court excusing the two prospective jurors, and hence Magistrate Judge Fox did not address the issue, this Court finds that the jurors were properly excused. It is not the role of the trial judge to encourage prospective jurors, who are unable to unequivocally state on the record that they could be fair and impartial jurors, to serve as trial jurors.

Petitioner also contends that the magistrate judge's finding, that the sentence imposed

was not harsh, was improper. Petitioner argues that the sentence was excessive because he was a first felony offender with no criminal history and had a stable family life, and because none of victims were killed or maimed. Petitioner was sentenced in accordance with the applicable sentencing range prescribed by state law. The fortuitousness that the victims were not killed or maimed as a result of petitioner's criminal conduct, coupled with petitioner's alleged favorable personal and criminal history, does not render his sentence unduly harsh. The magistrate judge correctly determined that since the sentence imposed is within the sentencing range prescribed by state law, no federal constitutional issue is presented by this claim for which petitioner is entitled to habeas corpus relief.

The Court has also examined the remaining portions of the Report, to which there are no objections, and find that they are not facially erroneous.

Accordingly, the Court hereby adopts the Report and Recommendation. For the reasons stated therein, the writ is denied and the petition is dismissed.

As the petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealabilty will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
May 23, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

4